Keith Guthrie et al., Appellants *v.* Borough of Wilkinsburg et al., Appellees.

Argued October 3, 1983, before President Judge CRUMLISH, JR. and Judges BARRY and BARBIERI, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for appellants.

*James M. McElfish,* with him *Paul V. Ressler,* for appellees.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 13, 1984:

Guthrie appeals an order of the Allegheny County Common Pleas Court which dismissed his complaint in mandamus. He sought to enforce against the Borough of Wilkinsburg (Borough) an arbitration award under Act 111.[1] We affirm.

The arbitration award granted in 1978 listed different salaries for certain ranks of officers including "detective" and "detective lieutenant." Although some of the Borough's officials by various actions treated the officers as detectives, no such rank had been created by ordinance nor had any of the individuals been appointed to that rank pursuant to civil service requirements.[2] When the Borough refused to pay the officers the salary assigned to "detectives" under the award, Guthrie brought this action in mandamus.[3]

"[M]andamus is an extraordinary writ which issues to compel the performance of a ministerial act or a mandatory duty where there is a *clear legal right* in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Blystone v. Borough of Forest Hills,* 22 Pa. Commonwealth Ct. 395, 398, 349 A.2d 494, 495 (1975) (emphasis added).

---

[1] Act of June 24, 1968, P.L. 237, 43 P.S. §217.1-217.27 (Act 111).

[2] Section 1171 of the Borough Code, Act of February 1, 1966, P.L. (1965), *as amended*, 53 P.S. §46171.

[3] The determination of whether mandamus is appropriate is within the discretion of the trial court and that decision will not be overturned absent a clear abuse of discretion. *Board of Education for School District of Pittsburgh v. Gooley,* 41 Pa. Commonwealth Ct. 311, 314, 399 A.2d 148, 150 (1979).

Resolution of this case turns on the question of whether Guthrie and the other officers have a clear legal right to the detective's salary under the arbitration award. We note that an arbitration award may only require a public employer to do that which it could do voluntarily. *Washington Arbitration Case,* 436 Pa. 168, 177, 259 A.2d 437, 442 (1969). "[T]his does *not* mean that a public employer may hide behind self-imposed legal restrictions. . . . [I]f the terms of the award require affirmative action on the part of the Legislature, they must take such action, if it is within their power to do so." *Id.*

Guthrie argues that, since the Borough could have granted its officers a pay raise, the arbitrator had authority to direct them to do so under Act 111. We disagree. Under Section 1171 of the Borough Code, "each and every appointment to and promotion in the police force . . . shall be made only according to qualifications and fitness, to be ascertained by examinations which shall be competitive. . . ." We stated in *Mahofsky v. City of Pittsburgh,* 22 Pa. Commonwealth Ct. 629, 634, 350 A.2d 423, 426 (1976), "[T]he requirements of [the Civil Service Act] must be strictly followed in order for a valid promotion to be obtained." There, the Public Safety Director promised officers in a police science course a promotion upon graduation. Mahofsky earned his degree and applied for classification as detective. The court wrote that, since none of the steps outlined in the civil service provision governing police officers were met, Mahofsky could not succeed.

Accordingly, we hold that the trial court did not abuse its discretion when it dismissed the complaint in mandamus. Guthrie failed to establish a clear legal right to a promotion from regular patrolman to detective.

Affirmed.

## ORDER

The order of the Court of Common Pleas of Allegheny County, No. G.D. 78-13954 dated July 22, 1982, is hereby affirmed.