499 A.2d 570

Keith GUTHRIE, Bernard McKenna, Paul Miller, Henry Riebold, Joseph Saunders, David Shook, Paul Van Geis and Frank Weber, Appellants,

v.

BOROUGH OF WILKINSBURG, Dr. John G. Wilkins, Mayor, Karl R. Newman, Mary A. Reich, Walter S. Byrnes, George M. Hoffman, John J. Joyce, J. Gary Lewis, Alex B. Main, John D. Pharr, Jr. and Edith M. Washington, Members of Council, Appellees.

Supreme Court of Pennsylvania.

Argued March 7, 1985.

Decided Oct. 4, 1985.

Ronald P. Koerner, Pittsburgh, Pa., for appellants.

Paul V. Ressler, Pittsburgh, Pa., for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.*

In 1977–78, police officers employed by the Borough of Wilkinsburg (the Borough) entered into negotiations with representatives of their employer in an attempt to reach a collective bargaining agreement pursuant to "Act 111", Act

* This case was reassigned to this author on August 1, 1985.

of June 24, 1968, P.L. 237, No. 111, as amended, 43 P.S. §§ 217.1–217.10 (Supp.1984–85), which authorizes collective bargaining between political subdivisions and their policemen and firemen and provides for final, binding arbitration in the event of an impasse in negotiations. An arbitration panel was convened in order to resolve the impasse that arose in the instant case and, on March 4, 1978, the arbitrators entered an award which included the following provisions for compensation:

AWARD

1. All of the terms and conditions of the 1976–1977 Agreement between the parties, except as changed or modified by this Award will remain in full force and effect.

\* \* \*

4. Salary

For the calendar year 1978, the annual salary for Police officers in the Borough of Wilkinsburg shall be calculated and paid according to the following schedule:

RANK                        [SALARY]

CHIEF OF POLICE
DETECTIVE LIEUTENANT
LIEUTENANT
SERGEANT
DETECTIVE
REGULAR PATROLMAN
PATROLMAN—[LEVEL SIX THROUGH THREE – these various levels of PATROLMAN were based solely upon length of service with the Wilkinsburg Police Department]
PROVISIONARY PATROLMAN—[LEVELS TWO AND ONE – these levels of PROVISIONARY PATROLMAN were also based upon length of service]

The arbitration award set forth the salary to be paid police officers at the various ranks recognized therein. The salary awarded to police officers holding the rank of "detective" was $760.00 more than the salary awarded to police officers holding the rank of "regular patrolman." The Borough honored all of the provisions of the arbitration award except that it refused to pay the $760.00 increment awarded the police officers, designated detectives and instead paid those officers the salary established for "regu-

lar" patrolmen. Consequently, the detective police officers, appellants herein, filed an action in mandamus in the Court of Common Pleas of Allegheny County against the Borough, its mayor and its council members, appellees, seeking to compel compliance with the arbitration award relating to their salaries. Appellees defended the refusal to comply with the award of the arbitrators on the grounds that such award was tantamount to the "creation" of the rank of detective and that, since the rank of detective was not officially adopted by ordinance of borough council pursuant to the Borough Code of 1966, Act of February 1, 1966, P.L. 581, as amended, 53 P.S. §§ 46001–46199, the award was illegal.[1]

The court found as a fact, based upon substantial evidence introduced at trial, that there was, and had been for a long period of time, a Detective Division within the Wilkinsburg Police Department and that the de facto positions of detective and detective lieutenant were recognized by department officials and certain other Borough officials. However, the court also found that there were no de jure positions of detective or detective lieutenant within the department because such positions had not been officially established by Borough ordinance enacted by council. These findings of the court are not in dispute.

The court accepted appellees' premise that the award of the arbitrators "created" the rank of detective, and held that:

> In order that the plaintiffs may prevail in this mandamus proceeding, it must be shown that under the law of Pennsylvania that a rank within a borough police department can be created by the action and conduct of the head

---

1. It is clear that a mandamus action is an appropriate procedure to seek enforcement of an arbitration award under Act 111 against a political subdivision, and that the subdivision/employer may assert the illegality of the award as a defense in the mandamus action. *City of Washington v. Police Department of Washington,* 436 Pa. 168, 259 A.2d 437, 440 n. 3 (1969); *Chirico v. Board of Supervisors for Newton Township,* 504 Pa. 71, 75 n. 5, 470 A.2d 470, 473 n. 5 (1983); *Geriot v. Council of Darby,* 491 Pa. 63, 417 A.2d 1144 (1980); *Conley v. Joyce,* 482 Pa. 263, 393 A.2d 654 (1978).

of the police department, the mayor and other administrative personnel, but short of the procedure of the adoption of an ordinance by the borough council.... In this case the General Assembly mandate required an ordinance of council.

The "General Assembly mandate" was gleaned from section 1121 of the Borough Code, 53 P.S. § 46121, which provides, in relevant part, that the "borough may, by ordinance, establish a police department consisting of chief, captain, lieutenant, sergeants, or any other classification desired by the council, and council may, subject to the civil service provisions of this act, ... designate the individuals assigned to each office...." As Borough Ordinance No. 2009, in effect at the time of the arbitration award, created only the classifications of chief of police, lieutenant, sergeant and patrolman, and did not establish a separate "detective" classification, the court viewed the arbitration award as illegal, and dismissed the mandamus complaint.

A court en banc dismissed appellants' exceptions to this ruling, and appeal was taken to the Commonwealth Court which affirmed. 81 Pa.Cmwlth. 73, 472 A.2d 285 (1984). The Commonwealth Court agreed that the arbitration award was illegal under the Borough Code, but emphasized the civil service provisions of the Code which provide, inter alia, that "each and every appointment to and promotion in the police force ... shall be made only according to qualifications and fitness, to be ascertained by examinations which shall be competitive...." *Id.* at 472 A.2d 286, quoting from section 1171 of the Borough Code, 53 P.S. § 46171. The Commonwealth Court held that the trial court properly dismissed the complaint in mandamus because appellants "failed to establish a clear legal right to a promotion from regular patrolman to detective." *Id.* at 472 A.2d 286.

■ We granted appellants' petition for allowance of appeal and we now reverse. At issue is the validity and enforceability of the arbitration award establishing salaries for certain police officers who are patrolmen that have been performing specialized, investigative duties within the divi-

sion designated "Detective Division" of the Wilkinsburg Police Department, where that salary exceeds that of other "regular patrolmen" police officers in the department. Under Act 111 and the Borough Code, such an arbitration award for compensation is eminently valid and enforceable.[2]

Our obvious starting point is Act 111 which provides that policemen and firemen "have the right to bargain collectively with their public employers concerning the terms and conditions of employment, including compensation, hours, working conditions, retirement, pensions[3] and other benefits.... in accordance with the terms of this act." Section 1, 43 P.S. § 217.1. Section 7 of Act 111, 43 P.S. § 217.7, further provides, in relevant part:

**Determination; appeal; implementation** ...

(a) The determination of the majority of the board of arbitration thus established *shall be final* on the issue or issues in dispute *and shall be binding* upon the public employer and the policemen or firemen involved. Such determination shall be in writing and a copy thereof shall be forwarded to both parties to the dispute. *No appeal therefrom shall be allowed to any court. Such determination shall constitute a mandate to the head of the political subdivision which is the employer ... with respect to matters which can be remedied by administrative action, and to the lawmaking body of such political subdivision ... with respect to matters which require legislative action, to take the action necessary*

2. We note, parenthetically, that appellees do not challenge the lesser salaries awarded by the arbitrators to six separate "Levels" of patrolmen recognized by the award, which levels were based upon length of service, even though Borough Ordinance No. 2009 does not contain such distinct classifications. The salaries established for these levels of patrolmen (who were employed by the borough for 24 months or less) ranged from $250.00 to $1500.00 less than the salary established for "regular" patrolmen. Appellees challenge only the award of additional compensation to police officers/patrolmen designated by the police department and the arbitrators as detectives.

3. This section was repealed in part in so far as it is inconsistent with 71 Pa.C.S.A. § 5955 relating to prohibition of collective bargaining concerning pension rights of Commonwealth employees.

*to carry out the determination of the board of arbitration.* (emphasis added).

■ As is apparent from the strong wording of section 7, Act 111 requires much deference be given an award of a panel of arbitrators and emphatically disapproves court intervention in dispute resolution under its auspices. *Chirico v. Board of Supervisors for Newton Township,* 504 Pa. 71, 79, 470 A.2d 470, 475 (1983). The arbitrators' "resolution of the dispute must be sure and swift, and much of [the arbitrators'] effectiveness would be lost if the mandate of [their] decision could be delayed indefinitely through protracted litigation." *City of Washington v. Police Department of Washington,* 436 Pa. 168, 173, 259 A.2d 437, 440 (1969).

■ Nevertheless, this Court has recognized that, even though Act 111 states "No appeal shall be allowed to any court", limited court review of an arbitration award is available to review (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) questions of excess in exercise of powers; and (4) constitutional questions. *City of Washington v. Police Department of Washington, supra,* 436 Pa. at 174, 259 A.2d at 441 (*see* cases cited therein). Applying this limited standard of review to mandamus proceedings, we have upheld political subdivisions' defenses of illegality of arbitration awards where the award has contravened municipal statutory law or would require the subdivision to take action that would be illegal. *See, e.g., City of Washington v. Police Department of Washington, supra* (invalidating portion of award regarding payment of hospitalization insurance premiums as contravening third class city code); *Conley v. Joyce,* 482 Pa. 263, 393 A.2d 654 (1978) (invalidated arbitration award to the extent it was in contravention of third class city code); *City of York v. Reihart,* 475 Pa. 151, 379 A.2d 1328 (1979) (same; declaratory judgment action). The framework for review of an arbitration award under Act 111 was set forth in *City of Washington v. Police Department of Washington, supra,* wherein we stated:

[W]e are of the opinion that [arbitration] panels may not mandate that a governing body carry out an illegal act. We reach this result by quite frankly reading into the enabling legislation the *requirement that the scope of the submission to the arbitrators be limited to conflicts over legitimate terms and conditions of employment.* Were this not so, virtually any issue could be submitted to the arbitrators under the guise of a labor conflict. Further, we fully realize that there will be issues that would be fully legitimate in the context of a private sector labor dispute which will not be legitimate in the context of a public sector labor dispute. Public employers are in many respects more limited in what they may do vis-a-vis their employees, and those limitations must be maintained. *The essence of our decision is that an arbitration award may only require a public employer to do that which it could do voluntarily.* We emphasize that *this does not mean that a public employer may hide behind self-imposed legal restrictions. An arbitration award which deals only with proper terms and conditions of employment serves as a mandate to the legislative branch of the public employer, and if the terms of the award require affirmative action on the part of the Legislature, they must take such action, if it is within their power to do so.*

(Emphasis added). 436 Pa. at 176–77, 259 A.2d at 442.

In the instant case, the award of the arbitrators granting higher salaries to police officers in the Detective Division than to "regular patrolmen" undoubtedly concerned "terms and conditions of their employment" as "terms and conditions" *specifically* includes "compensation". Section 1, 43 P.S. § 217.1. The arbitrators are obviously authorized to set salaries and the lawmaking body of the political subdivision is *mandated* by Act 111 to "take the action necessary to carry out the determination of the board of arbitration." Section 7, 43 P.S. § 217.7(a). Since borough council here is the lawmaking body authorized by the Borough Code to fix compensation of Borough policemen, section 1125, 53 P.S.

§ 46125, Act 111 requires council to fix the salaries at the rate established by the arbitration award, unless the award would otherwise require council to perform an illegal act, as appellees claim it does.

Appellees' argument, accepted by the courts below, is that the arbitration award is the *equivalent* of "creating" the rank of detective, that ranks and classifications of Borough police officers may only be created by council in accordance with the provisions for the establishment of classifications within the police department and the civil service provisions of the Borough Code, and that, therefore, the arbitration award is illegal as it requires council to perform an act it could not perform voluntarily. This argument must fail.

The salaries established by the arbitration award were based upon due consideration of the nature and character of the services performed, the respective classifications recognized within the police department, length of service and other factors. The arbitrators awarded additional compensation to the police officers assigned to the Detective Division upon consideration of the specialized, investigative nature of the work those officers had been performing. In no way did the award "create" a rank of detective, nor could it require the "creation" of such rank or promote any police officers to some newly "created" rank. The arbitrators could just as well have phrased their award of compensation to "those patrolmen who are assigned to the Detective Division" or to "those police officers who perform investigative duties". Instead, the arbitrators simply and logically applied the designation used within the department in its award to police officers who were already assigned to the Detective Division and were performing investigative, detective duties. Such designation does not transform the award into the "creation of rank" as appellees would have us believe.

■ A political subdivision has only those powers expressly given it by the legislature. *City of Washington v. Police Department of Washington, supra* 436 Pa. at 177, 259

A.2d at 442. Borough council has been expressly given the authority to establish *any classifications* of police officers *it deems desirable.* Section 1121, 53 P.S. § 46121 ("The borough *may,* by ordinance, establish a police department consisting of chief, captain, lieutenant, sergeants, *or any other classification desired by the council,* and council *may,* subject to the civil service provisions of this act, ... designate the individuals assigned to each office...."). Act 111, section 7, 43 P.S. § 217.7, therefore *mandates* that a borough exercise the authority given it by the Borough Code to implement an award of an arbitration panel which would establish a new rank or classification, since such action may voluntarily be performed by borough council. *See Conley v. Joyce, supra* and *City of Washington v. Police Department of Washington, supra; cf. City of York v. Reihart, supra.*

The Commonwealth Court agreed with appellees' additional argument that, not only did the award of the arbitrators create the rank of detective, it also compelled "the borough to pay these individual Appellants at the higher pay grade without observing any of the statutory requirements for *promotion*", brief for appellees at 9, in derogation of section 1171 of the Borough Code, 53 P.S. § 46171 as amended, which provides, in relevant portion:

> **Appointments of police and firemen**
>
> This subdivision (j) of this article [subdivision (j) of Article XI deals with "Civil Service For Police and Firemen"] is subject as heretofore to the power of council to determine compensation. Hereafter each and every ... promotion in the police force ... in every borough shall be made only according to qualifications and fitness, to be ascertained by examinations which shall be competitive as hereinafter provided.

The Commonwealth Court held that, since civil service procedures were not followed, appellants "failed to establish a clear legal right to a *promotion* from regular patrolman to detective." 472 A.2d at 286. This holding ignores a critical

provision of the Borough Code regarding civil service for police and firemen. Section 1188, 53 P.S. § 46188, provides:

**Promotions**

Promotions shall be based on merit to be ascertained by examinations to be prescribed by the [civil service] commission. All questions relative to promotions shall be practical in character and such as will fairly test the merit and fitness of persons seeking promotion.

*The council shall have power to determine in each instance whether an increase in salary shall constitute a promotion.*

The civil service requirements of the Borough Code are not triggered, in this instance, unless council would determine that the increase in salary awarded by the arbitrators to appellants constituted a "promotion." Since, under the Borough Code, that determination is entirely within council's discretion, Act 111 mandates that, in this instance, council exercise that discretion in a manner that will avoid conflict between the Borough Code and the arbitration award. Thus, council is not permitted to determine that the increase in salary of police officer/detectives in this instance constitutes a promotion, for to do so would voluntarily trigger the civil service provisions of the Borough Code in order to avoid the compensation award of the arbitrators. Such a tactic would violate the letter and the spirit of Act 111 for it would allow "a public employer [to] hide behind self-imposed legal restrictions," a practice this Court has condemned. *City of Washington v. Police Department of Washington, supra* 436 Pa. at 177, 259 A.2d at 442; *Conley v. Joyce, supra* 482 Pa. at 270–72, 393 A.2d 657.

As the award of the arbitrators increasing appellants' salaries concerned terms and conditions of employment and required the Borough do *only* that which it could have done voluntarily in order to implement the arbitration award, the award must not be disturbed.

Accordingly, the Order of the Commonwealth Court is reversed, mandamus is granted, and appellees are directed to pay to each of the appellants the amount of $760.00 as

additional compensation for their employment during the 1978 calendar year, together with interest as provided in paragraph 3 of the arbitration award of March 4, 1978.

HUTCHINSON, J., filed a concurring opinion.

HUTCHINSON, Justice, concurring.

I join the majority. Appellants were entitled to an order in mandamus directing appellees to implement the Act 111 interest arbitration award. However, I disassociate myself from the discussion contained in Footnote No. 1. I do not believe every minor illegality can be raised as a defense to an action to enforce such an award.