512 A.2d 612

**LOWER MERION FRATERNAL ORDER OF POLICE LODGE NUMBER TWENTY–EIGHT, Appellant,**

**v.**

**TOWNSHIP OF LOWER MERION, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1986.

Decided July 3, 1986.

Reargument Granted Aug. 29, 1986.

188

J. Scott O'Keefe, Norristown, for appellant.

Gilbert P. High, Jr., Norristown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

The Court being evenly divided, the Order of the Commonwealth Court is affirmed.

ZAPPALA, J., files an Opinion in Support of Affirmance in Part and Reversal in Part in which FLAHERTY, J., joins.

NIX, C.J., concurs in the proposed mandate of the Opinion in Support of Affirmance in Part and Reversal in Part.

LARSEN, J., files an Opinion in Support of Reversal in which HUTCHINSON and PAPADAKOS, JJ., join.

McDERMOTT, J., did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE IN PART AND REVERSAL IN PART

ZAPPALA, Justice.

Before us is an appeal from an Order of the Commonwealth Court affirming an Order of the Court of Common Pleas of Montgomery County dismissing a Petition for Review of an award of a board of arbitrators appointed

pursuant to the Act of June 24, 1968, P.L. 237, No. 111 as amended, 43 P.S. § 217.1 et seq. (Act 111). Appellant is a duly certified collective bargaining agent for the policemen of the township of Lower Merion. On June 29, 1982, the parties commenced employment contract negotiations. Because an impasse developed, the Appellant requested the appointment of a board of arbitration as authorized by Section 4(a) of Act 111. Section 4(a) provides as follows:

> If in any case of a dispute between a public employer and its policemen ... the collective bargaining process reaches an impasse and stalemate, ... with the result that said employers and employes are unable to effect a settlement, than either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.

43 P.S. § 217.4(a). In accordance with Section 4(a), the parties submitted to arbitration, resulting in the board issuing a unanimous award on November 23, 1982. In addition to awarding a three-year term, the award changed the retirement age to 55 and eliminated any post-retirement medical benefits.

Dissatisfied with this award, the Appellants filed a Petition for Review to the Court of Common Pleas of Montgomery County, raising numerous legal and factual issues. Prior to the Court's review, the parties agreed by stipulation to three issues:

> (a) (Whether) the panel of arbitrators exceeded their authority and/or powers by deciding issues not in dispute as required by the Act of June 24, 1968, P.L. 237, No. 111(4) (43 Pa.C.S.A. § 217.4).

> (b) (Whether) the panel of arbitrators exceeded their authority and/or powers by creating a three-year award, in that the Fraternal Order of Police specifically asked for a one-year contract, and the Township of Lower Merion never proposed anything contrary.

> (c) (Whether) the panel of arbitrators lacked jurisdiction to create a three-year award in that multi-year contract is

contrary to the Act of June 24, 1968, P.L. 237, No. 111 (43 Pa.C.S.A. § 217). (R. 31a)

In denying the Appellant's petition, the lower court held that the arbitrators did not exceed their authority or determine an issue not in dispute when they eliminated post-retirement medical benefits. In so doing, the court held that a retired police officer is not a township employee and therefore, the township could not provide lifetime post-retirement medical insurance coverage. Likewise, the lower court held that the Appellant made the length of the contract an "issue in dispute" by attempting to limit the term of the award to one year. Finally, the lower court disagreed with the Appellant's argument that Section 3 of Act 111 prohibited the granting of a multi-year award. Commonwealth Court affirmed on appeal, holding that the issues of the post-retirement medical benefits and the length of the contract term were properly before the Board, and determined within the scope of the Board's authority. We granted the Appellant's petition for allowance of appeal and now would affirm in part and would reverse in part.

Section 7 of Act 111 specifically prohibits any appeal from an arbitration award. However, we have consistently held that this prohibition does not prevent a court from reviewing an arbitration award when an appeal questions (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) question of excess in exercise of powers; and (4) constitutional questions. *Guthrie v. Borough of Wilkinsburg*, 508 Pa. 590, 499 A.2d 570 (1985), citing *City of Washington v. Police Department of Washington (Washington Arbitration Case)*, 436 Pa. 168, 259 A.2d 437 (1969). There is no contention here that the subject award resulted from any irregularity in the proceedings or an abuse of constitutional protections. Therefore, we limit our review to a determination of whether the arbitrators exceeded their jurisdiction or power.

Appellant argues that the arbitrators exceeded their authority by eliminating post-retirement medical benefits for police officers. In support of its position, the Appellant argues that neither party proposed eliminating the health

benefits, but rather restricting the length of time during which the retirees were entitled to receive such benefits. Thus, the Appellant contends that the arbitrators exceeded their power by determining an issue not specifically before them.

In *Washington Arbitration Case, supra* we addressed a similar issue. As the result of an arbitration under Act 111, the City was required to pay for hospitalization for the families of their police officers. The City challenged this award as an excess of the arbitrators' powers. In making our determination we relied upon Article 3, Section 31 of the Pennsylvania Constitution and *Harney v. Russo*, 435 Pa. 183, 255 A.2d 560 (1969). Article 3, Section 31 sets forth that:

> ... [T]he General Assembly may enact laws which provide that the findings of panels or commissions, selected and acting in accordance with law for the adjustment or settlement of grievances or disputes or for collective bargaining between policemen and firemen and their public employers shall be binding upon all parties and shall constitute a mandate to the head of the political subdivision which is the employer ...

In *Harney*, we held that arbitrators may not violate due process or enabling legislation in conducting their hearings and making awards. Even though the enabling legislation did not specify the powers of an arbitration panel, we held that an arbitration panel could not mandate an illegal act nor require a governmental body to perform an act which it could not voluntarily undertake.

Thus we concluded that under the Third Class City Code, the Act of May 22, 1933, P.L. 927, 53 P.S. § 37403, the City was specifically prohibited from paying premiums for any person not an employee. Therefore, to require the City to comply with the arbitration award would result in the City performing an illegal act. This clearly was not the intent of Article 3, Section 31 of our Constitution.

In this appeal, the Appellant argues that the arbitrators erred in terminating the retirees' health benefits when both

parties were only disputing the time of entitlement. Thus, we must determine whether the township would violate any law by providing health coverage after retirement. If so, then the termination of retirees' health benefits was proper.

■ As a creature of the Commonwealth, a township has no inherent powers and may do only those things which the legislature permits. *Matter of Arbitration Between Borough Of Ambridge And the Police Department,* 53 Pa. Commonwealth 251, 417 A.2d 291 (1980). As such, the legislature has enacted the First Class Township Code, the Act of June 24, 1931, P.L. 1206, Article 1, Section 101, 53 P.S. § 55101, which enumerates the powers of a First Class Township. Specifically, the Code sets forth that a township may

> ... make contracts of insurance with any insurance company, association or exchange authorized to transact business in this Commonwealth insuring township employes or any class or classes thereof under a policy or policies of insurance covering workmen's compensation, life, health or accident insurance, and to contract with any such company granting annuities or pensioning of such employes, and to agree to pay part or all of the premiums or charges for carrying such contracts, and to appropriate monies from the township treasury for such purposes.

53 P.S. § 56523. As a prerequisite for the township paying a premium for health and life insurance, a person must be an employee of the township. Once a person retires, he is no longer an employee of that business entity. Therefore, a township may not pay a premium for a nonemployee. Accordingly, if a township were to do so, it would be performing an illegal act. Thus, the arbitrators acted properly in terminating the post-retirement medical benefit coverage, for the last two (2) years of the award since the retirees were no longer employees of the township. Likewise, granting health benefits for the first year of the award was improper and to that extent the award must be vacated.

Next, Appellant argues that the arbitrators exceeded their authority by awarding a three-year term when it only

requested a one-year award and the Appellee did not propose anything to the contrary. If the record supported the Appellant's argument, then our conclusions might differ. However, on the present record it is unclear as to whether the Appellant only requested a one-year award and whether Appellee acquiesced in such a proposal. Since there is no transcript of the proceedings before the Board and the award does not discuss the positions of the parties, we are compelled to make a determination of whether the arbitrators exceeded their power in awarding a three-year term based upon our reading of the Appellant's proposal initiating the arbitration proceedings.

■ As previously indicated, Act 111 is not specific as to the powers of the arbitrators. Section 4 provides that either party may notify the other party of the specific issues in dispute and does not require the non-moving party to file a reply. Appellant argues that by captioning its proposal for the "1983 contract term", and by the Appellee's failure to request a longer term in its proposal, the Appellee acquiesced in a one-year term. Although, the Appellant does caption its proposal for "1983 contract year", the enumerated provisions do not clearly indicate that Appellant only requested a one-year term. In fact, two of the provisions evince a term in excess of one year. The wage provision requests a seven percent increase in wages in addition to a cost of living adjustment (COLA). If the Appellant only requested a one-year term as indicated by the proposals designation, then a COLA would be unnecessary. With respect to eye care, the Appellant requested an eye examination "every twelve months" (R. 22a). Once again, if this proposal was only for one year, this provision would be unnecessary. Since the Appellant's proposal does not support the conclusion that the term of the award was not at issue, we are compelled to hold that the arbitrators did not exceed their power in awarding a three-year agreement.

■ Finally, Appellant argues that the arbitrators acted improperly in awarding a three-year contract in violation of Section 3 of Act 111. Section 3 states:

> Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision or of the Commonwealth, as the case may be, and any request for arbitration, as hereinafter provided, shall be made at least one hundred ten days before the start of said fiscal year.

If a statute is clear and unambiguous, legislative intent is of no concern. *Martin v. Soblotney*, 502 Pa. 418, 466 A.2d 1022 (1983); *Commonwealth v. Rieck Investment Corp.*, 419 Pa. 52, 213 A.2d 277 (1965); *Daugherty v. Continental Can Co., Inc.*, 226 Pa.Super. 342, 313 A.2d 276 (1973) 1 Pa.C.S. § 1921. Furthermore, it is not the function or duty of this Court or any other court to add provisions to a statute not provided for by the legislature. *Id; see also, Black v. Billy Penn. Corp.*, 72 Pa. Commonwealth 628, 457 A.2d 192 (1983). In this instance, it is clear that nothing in Section 3 or any other provision of the Act mandates that an arbitration award not exceed one year. Since the legislature has decided not to impose this restriction, neither will this Court.

Accordingly, I would reverse the Order of the Commonwealth Court to the extent that the retirees' health benefits were sustained for 1983. In all other respects, I would affirm the Order of the Commonwealth Court.

FLAHERTY, J., joins in this Opinion in Support of Affirmance in Part and Reversal in Part.

NIX, C.J., concurs in the disposition proposed in this Opinion.

McDERMOTT, J., did not participate in the consideration or decision of this case.

## OPINION IN SUPPORT OF REVERSAL

LARSEN, Justice.

I would reverse the Commonwealth Court decision in this case. I would hold that the Board of Arbitrators (Board)

exceeded the "exercise of their powers" in determining that the duration of the award was an issue in dispute to be decided by the Board and in not awarding post retirement medical benefits for at least three years.

On June 29, 1982, employment contract negotiations began between appellant (Lower Merion Fraternal Order of Police) and appellee (Lower Merion Township). Appellant submitted, to appellee, proposals, and later amended proposals, concerning the issues to be negotiated. Both sets of appellant's proposals included the following proposal: "17. Each and every retiree shall receive Blue Cross and Blue Shield benefits equal to those provided for active police officers of the Township of Lower Merion Police Department." The cover letter sent by appellant with the original proposals stated, "[e]nclosed you will find a true and correct copy of the proposed contract proposals for the *contract year of 1983 ....* " (emphasis supplied) The caption of the amended proposals read, "Lower Merion Police Department Contract Proposals for the *1983 Contract Year.*" (emphasis supplied)

Appellee submitted counter-proposals on August 5, 1982. These counter-proposals contained no reference to the term of the new contract, either in its caption or body. Appellee did address retirement benefits with the following counter-proposal: "8. Pension ... (d) Present health and welfare benefits will be continued for only three (3) years after retirement."

Subsequently, an impasse in negotiations developed between appellant and appellee and appellant requested arbitration pursuant to the Act of June 24, 1968, P.L. 237, No. 111, as amended, 43 P.S. § 217.1 *et seq.* (Supp.1985) (Act 111). An award was issued on November 23, 1982, by the Board. The pertinent parts of the award were:

## AWARD

1. *Term of Award.* January 1, 1983 through December 31, 1985.

.    .    .    .    .

6. *Pension.* Effective January 1, 1984 … any post retirement medical benefits shall be eliminated.[1]

Appellant's petition for review of the award was dismissed by the Court of Common Pleas of Montgomery County. That court found that the term of the award was an issue in dispute to be decided by the Board and also found that any award for post retirement medical benefits would have been illegal. The Commonwealth Court affirmed as to the term of the award but held that the medical benefits issue was properly before the Board. That Court found that the Board had fashioned an "equitable resolution" based on give and take of economic benefits. The opinion in support of affirmance is now upholding the award by ruling that the term of the award was properly before the Board and ruling that awarding post retirement medical benefits would be illegal.

The broad question presented by this case is what issues may be decided by a board of arbitrators under Act 111. Appellate review of an Act 111 arbitration award is limited to review of (1) the jurisdiction of the arbitrators; (2) the regularity of the proceedings; (3) questions of excess in exercise of powers, and (4) constitutional questions. *City of Washington v. Police Department of Washington,* 436 Pa. 168, 259 A.2d 437 (1969); *Guthrie v. Borough of Wilkinsburg,* 508 Pa. 590, 499 A.2d 570 (1985). The narrower question in the instant case is to determine if the Board exceeded its "exercise of powers" by both deciding issues not before it (the term of the award) and by deciding issues beyond the scope of those presented to it (post retirement medical benefits). Act 111 provides, in part:

(a) If in any case of a dispute between a public employer and its policemen … the collective bargaining process reaches an impasse … or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, … then either party to the dispute, after written notice to the other party containing specifications

---

1. Please note that this provision of the award granted post retirement medical benefits for the calendar year 1983.

of the issue or issues in dispute, may request the appointment of a board of arbitration.

43 P.S. § 217.4(a)

This provision becomes applicable when, among other things, the collective bargaining process reaches an impasse. The reason for turning to arbitration, is to resolve the "issue or issues in dispute." The Board does not have a free hand in designing a comprehensive agreement but must limit itself to those issues in dispute. The perimeters of the Board's authority is shaped by the issues submitted to it and any decision beyond those issues submitted is in excess of the Board's authority. (The proposals and counter-proposals were used by the Board as the "specifications of the issue or issues in dispute," as required by § 217.4(a) of Act 111.)

I agree with the opinion in support of affirmance that there is no prohibition in Act 111 that an arbitration award not exceed one year. However, in the instant case, the term of the award was not an issue before the Board to be decided. Appellant made it clear that the proposals submitted for consideration were only for 1983. In submitting its counter-proposals, appellee made no objection to a contract for one year (1983). Appellee contends that requiring a response to each and every proposal of appellant or requiring appellee to address the length of the contract would, in effect, require a responsive pleading where none is required by statute. § 217.4(a) of Act 111 states, in part, that, "after written notice to the other party containing specifications of the issue or issues in dispute," a request may be made for the appointment of a board of arbitration. 43 P.S. § 217.4. Neither this court nor the statute requires a formal responsive pleading to issues to be submitted to a board of arbitrators. However, if one party to the arbitration does not agree with the issues or scope thereof to be presented to the arbitrators, it would behoove that party to respond, in writing, as to their position on the issues to be arbitrated.

Since 1969, appellant and appellee have entered into four one-year negotiated contracts and there have been three one-year arbitration awards.[2] In the 1976 and 1977 arbitration awards, appellee had counter-proposed three year terms. In each award, the Board of Arbitrators denied the request for a three year term.

If appellee had desired a longer term than one year in the present case, appellee should have proposed a longer term, as they had done in 1976 and 1977. By not addressing the term in their counter-proposals, appellee acquiesced in appellant's proposal for a one year term. Thus, the term of the award was not an issue in dispute to be decided by the Board and by setting the term of the award for three years, the Board exceeded its powers.

An arbitration award pursuant to Act 111 cannot mandate a governing body to perform an illegal act. *City of Washington v. Police Department of Washington, supra.* The opinion in support of affirmance relies on the First Class Township Code, Act of June 24, 1931, P.L. 1206, Article 1, Section 101 to determine that an award of post retirement medical benefits would be illegal. Under the corporate powers of the Act, a first class township has power, among other things, to:

> make contracts of insurance with any insurance company, association or exchange authorized to transact business in this Commonwealth insuring township employes or any *class or classes* thereof under a policy or policies of insurance covering workmen's compensation, life, health or accident insurance, ...

53 P.S. § 56523 (emphasis supplied).

According to the opinion in support of affirmance, once a person retires, he is no longer an employe and since § 56523

---

**2.** The one-year contracts were for the years 1969, 1970 (arbitration award renegotiated into a contract), 1971 and 1973. The one-year arbitration awards were for the years 1972, 1976 and 1977. For the years 1974–1975 there was a two-year negotiated contract; for the years 1978–1979 there was a two-year negotiated contract and for the years 1980–1982 there was a three-year negotiated contract.

only allows health insurance for "employes," an arbitration award allowing post retirement medical benefits would be in violation of § 56523 and therefore illegal.

I disagree with the opinion in support of affirmance. First, § 56523 refers to contracting for health insurance for township employes or "any *class or classes* thereof." The Statutory Construction Act of 1972 provides, in part, "... [e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). The opinion in support of affirmance focuses exclusively on the word "employes" contained in the statute and determines that it applies only to present, active employes. However, the statute does not so limit the word "employes"; rather, "employes" is used in conjunction with "class or classes thereof." Black's Law Dictionary defines class as "[a] group of persons, things, qualities, or activities having common characteristics or attributes." Black's Law Dictionary 225 (5th ed. 1979). "Class or classes" of employes can refer, *inter alia,* to executive versus legislative employes, appointed versus elected employes and active versus retired employes. All have the characteristic of being or having been employes of the municipality and thus fall within the statutory language of "employes or class or classes thereof" for whom a contract for health insurance can be maintained.

Further, when a person undertakes employment, there is usually a trade-off between present compensation and deferred compensation that is activated at retirement. The employe agrees to accept less during his active employment in exchange for benefits during his retirement. In the instant case, the post retirement medical benefits requested by appellant are deferred compensation for the compensation forgone during active employment in exchange for benefits and security upon retirement.

Finally, there is no actual statutory prohibition that retired employes are not to be maintained on a health insur-

ance contract. Rather, the opinion in support of affirmance attempts to imply such a prohibition by focusing exclusively on the word "employes" and presuming that it refers exclusively to present, active personnel. In light of the factors discussed above, the awarding of post-retirement medical benefits would not mandate a municipal government to perform an illegal act.

The opinion in support of affirmance cites *City of Washington v. Police Department of Washington, supra*, for holding that it was illegal for the city of Washington to pay for hospitalization for *families* of employes because the families were not employes. The case at hand does not deal with medical benefits for families; rather, it concerns medical benefits for retired employes only. The *City of Washington* case is inapposite.

The power of the Board is limited to the perimeters set by the parties. Appellant proposed post retirement medical benefits until the retirees' death; whereas, appellee counter-proposed post retirement medical benefits for a period of three years after retirement. The issue before the Board was not whether post retirement medical benefits should be given; but rather, for how long those benefits should be given (ranging from a three year minimum presented by appellee to lifetime benefits presented by appellant). Thus by awarding post retirement medical benefits for only one year, the Board was acting outside of the perimeters set by the parties. The Board again exceeded its power.

Accordingly, I would reverse the Commonwealth Court and remand this case for proceedings to fashion a remedy which is consistent with this opinion.

HUTCHINSON and PAPADAKOS, JJ., join in this opinion in support of reversal.