## Lower Makefield Township v. Lower Makefield PBA

*Edwin N. Popkin,* for plaintiff.
*Neal Goldstein,* for defendants.

SOKOLOVE, *J.,* October 28, 1986—This matter is before the court on the petition of the Township of Lower Makefield to vacate and/or modify or correct an arbitrator's award. It was agreed by the parties that the issue be decided based upon the briefs and exhibits submitted by counsel. For the reasons to be discussed, we will deny the petition.

The underlying controversy arose when respondent, James Doyle (Doyle), a police officer in Lower Makefield Township, became involved in an argument with a superior officer as to who was responsible for returning a phone call. The dispute resulted in a trading of profanities as well as an assault on Officer Doyle by the superior officer. This incident occurred on February 20, 1984.

On March 15, 1984, the Township Manager of Lower Makefield, James J. Dillon, wrote to Officer Doyle stating in part:

"You are hereby advised that the Board of Supervisors of Lower Makefield Township on March 12, 1984, was advised of certain charges against you as a result of certain conduct that occurred at police headquarters on February 20, 1984. Enclosed, please find a copy of those charges.

By reason thereof you are subject to discipline because of inefficiency, neglect, intemperance, disobedience of orders, and conduct unbecoming an officer in accordance with 53 P.S. §812.[1] Furthermore, the enclosed charges also subject you to discipline under the Discipline Code of the Lower

---

1. This statute cited is entitled "Removal of Policemen in Certain Boroughs and Townships." Petitioner refers to it as the "Police Tenure Act."

Makefield Township Police Department — Administrative Procedure 950 and following sections. . . ."

The charges referred to in Mr. Dillon's letter are dated March 14, 1984, and titled "Recommendation for Disciplinary Action of Police Personnel (Ptl. James Doyle)." They are contained in a memorandum from Charles E. Ronaldo, Chief of Police to the township board of supervisors. His recommendation to the board of supervisors was that disciplinary action be brought against Officer Doyle pursuant to "Violation of the Lower Makefield Township Police Duty Manual §§951.07, 953.02, 951.25.

A hearing was held before the Board of Supervisors at Officer Doyle's request on March 27, 1984. The board of supervisors unanimously decided to impose a six-day suspension with the opportunity for Officer Doyle to work an additional 48 hours over his normal workweek. This accommodation was to allow the officer the opportunity not to lose any actual pay. This discipline was imposed on both Officer Doyle and the other officer involved.[2]

On April 4, 1984, respondent, Lower Makefield Police Benevolent Society, "PBA," filed a grievance regarding the disciplinary action imposed on Officer Doyle by the board of supervisors. Officer Doyle and the PBA alleged that the board of supervisors should not have imposed equal sanctions upon both offenders, as it was testifed that the officer physically assaulted Doyle. Officer Doyle did not deny that profanities were exchanged, but felt he was the victim of the assault and, therefore, should not be punished as harshly as the other officer.

2. In the findings of fact relative to the hearing, no. 4 of the Conclusion of Law finds ". . . said conduct constitutes 'violation of official duty,' 'disobedience of orders,' 'intemperance,' and 'conduct unbecoming an officer' in violation of the Police Tenure Act. . . ."

The collective bargaining agreement in force between the Township and Police Benevolent Association provides in relevant part:

"ART XXI
*Police Grievance Committee*
****

(2) A grievance shall mean a complaint by one or more police officers that there has been a violation, misinterpretation or inequitable application of a provision of this agreement or *of the rules and regulations of the police department.* All grievances shall be settled in the manner provided in this Article and shall be presented as soon as practical after the occurrence upon which it is based. . . . (Emphasis added.)

(3) Grievance Steps:

(a) A three step grievance procedure is adopted

i Submission of grievance to the Chief of Police

ii Submission of grievance to the Township Manager

iii Submission of grievance to the American Arbitration Association for settlement under the Voluntary Arbitration Rules of that organization."

The collective bargaining agreement goes on to state, "This agreement constitutes the entire agreement between the parties as a result of collective bargaining between the parties under the Act of June 24, 1968 P.L. 1804, as amended. . . ."

Chief Ronaldo replied on April 9, 1984 to the grievance submitted to him by the PBA and Officer Doyle and opined that the matter "cannot be grieved" and advised "you have the right to proceed to step number 2 if you so desire." Instead of submitting the matter to the township manager, it was submitted to the American Arbitration Association.

On October 17, 1984, a hearing was held before the arbitrator. Petitioner alleged that the matter was not arbitrable due to an exclusive remedy contained in the Police Tenure Act. The arbitrator, after due consideration, found *inter alia*, ". . . it is . . . clear to me that the instant matter, concerning as it does a dispute respecting contractual interpretation, is not only properly before the arbitrator, it is at the very core of the arbitration process itself. . . . Based upon all of the evidence in this case, it is abundantly clear to me that the instant matter is arbitrable. . . " (Opinion and Award, pages 4-5, attached as Exhibit "J" to the petition.) The arbitrator found that the discipline imposed by the township board of supervisors "constituted an inequitable application of the department rules and regulations and simply was unjust." The arbitrator recommended that Officer Doyle receive a written reprimand instead of a suspension.

It is from the arbitrator's finding of arbitrability, and hence jurisdiction, that places the matter before the court. Petitioner reasserts the position taken before the arbitrator as grounds for judicial relief, claiming that the remedy for suspension of police officers contained in the Police Tenure Act (cited *supra*) is exclusive; and further, that all disputes between police officers and their municipal employers relating to an interpretation of the provisions of a collective bargaining agreement "must be resolved by the courts of common pleas and only those tribunals have jurisdiction to entertain same." We disagree.

## DISCUSSION

We agree with the arbitrator's conclusion that Officer Doyle's complaint that he was disciplined inequitably, is a grievance relating to the "rules and

regulations of the police department" as set forth in the collective bargaining agreement. Grievances should be handled under 43 P.S. §217,[3] which states in relevant part:

"§217.1 Right to Bargain

Policemen or firemen employed by a political subdivision of the Commonwealth . . . shall . . . have the right to bargain collectively . . . concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act."

In fact, specific reference is made to Act 111 of the parties' collective bargaining agreement. While there has been some confusion over a specific mechanism for resolution of grievance arbitration under Act 111, see Chirico v. Board of Supervisors of Newton Township, 504 Pa. 71, 470 A.2d 470 (1983), this has been resolved by the recent decision in Township of Moon v. Police Officers of Township of Moon, 508 Pa. 495, 498 A.2d 1305 (1985), which held that a grievance resolution procedure is an indisputably legitimate term and condition of employment which is a proper subject of collective bargaining.

Petitioner states that the grievance procedure is invalid and cannot serve as a basis of relief due to the provisions of the Police Tenure Act. Petitioner charges that the provisions of the collective bargaining agreement for grievance arbitration must yield to the provisions of that act. While a novel argument, we find that a review of both the Police Ten-

---

3. This statute is titled "Collective Bargaining by Policemen or Firemen" or known as Act 111.

Tenure Act and Act 111 mandate against this result (see Lehigh Valley Co-op Farmers v. Commonwealth, 498 Pa. 521, 447 A.2d 948 (1982), which discusses when determining legislative intent, a court must look to the practical result and not presume an absurd or unreasonable result).

The Police Tenure Act was passed by the legislature in 1951. In it, it provides at 53 P.S. §812.

"No person employed as a regular full time police officer in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorary discharge from service; (2) neglect or violation of any official duty; (3) violation of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duly. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed."

Petitioner relies upon section 815 which states: "The suspended or dismissed employee shall have the right to appeal to the court of common pleas of the county in which he was employed." This reliance is predicated upon the specific sanction imposed by the board of supervisors. Since Officer Dolye received a six-day suspension, petitioner ar-

gues that section 815 mandates an appeal to common pleas court as his only remedy.

The Police Tenure Act was passed long before policemen were permitted to bargain collectively with their employers over the terms and conditions of their employment. The act gave some measure of protection to police officers employed by second class townships and smaller first class townships and limited their ability to impose sanctions upon the officers except for good and valid reasons. Petras v. Union Township, 28 D.&C.2d 687, affirmed 189 A.2d 117, affirmed 409 Pa. 416 (1964). Previously, police officers employed by larger municipalities were covered by provisions of the First Class Township Code and Borough Code and no job tenure was provided to police officers working in municipalities employing less than three employees. The Police Tenure Act "extended tenure to police forces of less than three members in boroughs, incorporated towns and townships of the first class and to all police forces of townships of the second class, regardless of the number employed." Petras v. Union Township, ibid. pages 690-691.

The Police Tenure Act served the purpose of protecting police officers employed by certain municipalities and gave them the right to bring their dispute to the court for resolution. Since that time, police officers have been permitted to bargain with their employers over terms and conditions of employment. The necessity of seeking relief from the court is now served by the bargained-for Arbitration clause in the collective bargaining agreement. This provision in the contract supsedes the provision in section 815 of the Police Tenure Act. We, therefore, find that section 815 does not provide the exclusive remedy for resolving disputes where there is a valid grievance arbitration clause in the collective bar-

gaining agreement. Township of Moon v. Police Officers of Moon Township, supra, pages 1310-1311. Act 111 specifically provides in section 217.7 for binding arbitration and that "no appeal therefrom shall be allowed to any court." See Chirico v. Board of Supervisors of Newton Township, supra, page 475, and Guthrie v. Borough of Wilkensburg, 508 Pa. 590, 499 A.2d 570 (1985); Township of Moon v. Police Officers of Moon Township, supra, pages 1310-1311. "Act 111 requires much deference be given an award of a panel of arbitrators and emphatically disapproves court intervention in dispute resolution under its auspices." Guthrie v. Borough of Wilkensburg, at page 573.

While Act 111 does not permit an appeal to a court for review, the Pennsylvania Supreme Court has delineated a limited judicial review of an arbitration award (1) to review the jurisdiction of the arbitrators; (2) review the regularity of the proceedings; and (3) review questions regarding excess in the exercise of power; and (4) constitutional questions. Guthrie v. Borough of Wilkensburg, supra, page 573; City of Washington v. Police Department of Washington, 436 Pa. 168, 259 A.2d 437 (1969).

In this case, we find that the arbitrator did have jurisdiction to resolve the grievance dispute between the parties. We do not find any irregularities or abuses of discretion by the arbitrator. He agreed with the petitioner that Officer Doyle had violated provisions of the Police Department Rules and Regulations. The arbitrator, however, found the discipline imposed by the board of supervisors to be unjust under the circumstances, and imposed a written reprimand instead of suspension. The petitioner argues that the board of supervisors' punishment was an appropriate sanction. We cannot overturn or modify the arbitrator's award simply on that

494

basis. Petitioner agreed in the collective bargaining agreement to have grievance disputes resolved by arbitration. It would clearly be improper for the court to grant relief to petitioner because they are dissatisfied by the arbitration result. See 42 Pa. C.S. §7315.

We, therefore, enter the following

## ORDER

And now, this October 28, 1986, upon consideration of the petition to vacate and/or modify or correct the award of an arbitrator and upon review of the exhibits and memoranda of law, it is hereby ordered and decreed that the petition is denied and dismissed consistent with the findings of this opinion.