586 A.2d 459

**FRATERNAL ORDER OF POLICE LODGE NO. 5 and Ronald Bojanowski, Appellants,**

v.

**CITY OF PHILADELPHIA and Edward A. Pereles, in his capacity as an arbitrator, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1988.

Decided March 17, 1989.

Publication Ordered Jan. 22, 1991.

2

Anthony J. Molloy, Jr., Mozenter, Molloy & Durst, Philadelphia, for appellants.

Ralph J. Teti, Chief Deputy City Sol., Philadelphia, for appellees.

Before CRUMLISH, Jr., President Judge, McGINLEY, J., and NARICK, Senior Judge.

McGINLEY, Judge.

Ronald Bojanowski (Bojanowski) and the Fraternal Order of Police, Lodge No. 5 (FOP) appeal from an order of the Court of Common Pleas of Philadelphia County (common pleas court) affirming an arbitrator's award upholding Bojanowski's dismissal from the Philadelphia Police Department. We affirm.

This controversy arises out of an incident which began at approximately 11:40 p.m. on May 26, 1986, when Philadelphia (City) Police Lieutenant Thomas Barron (Barron) responded to a disturbance at 3569 Almond Street. Upon arrival at that location Barron and several other uniformed officers were met by members of the Richmond Auto Association (Auto Association). Several members of the Auto Association informed the officers that one of their members had been assaulted and another's rear automobile window had been smashed.

While the officers were taking this report, three autos drove by the men. Club members informed the officers that one of the cars, a brown Ford Granada, was the vehicle involved in the earlier assault. The officers attempted to pursue the Granada on foot, but were unable to apprehend it. The occupants of the auto were Joseph Trimback, the operator, his wife and two daughters. However, the officers were able to stop the third vehicle, a 1971 Malibu. Bojanowski, an off-duty police officer and member of the Auto Association, stopped the vehicle by standing in front of it with his .45 caliber automatic pistol drawn.

As the officers were taking the occupants into custody, they heard a screeching of tires and noticed that the Granada had made a U-turn and was returning toward them at a high rate of speed. Officer Tangradi (Tangradi) and Bojanowski ran toward the Granada, which swerved toward two civilians standing on the highway. At this point the Granada's windshield was broken by an unknown object. The Granada then backed up and turned onto the street. According to Barron, the Granada drove up on the sidewalk toward Bojanowski, forcing him into a corner formed by a

fence and garage. Bojanowski testified that he was struck and momentarily knocked onto the hood of the car. As the Granada backed off the sidewalk Tangradi fired three shots at the rear of the automobile. As the car moved away from him, Bojanowski fired six shots at the rear of the vehicle using his off-duty .45 caliber pistol. Trimback's young daughter, sitting in the back seat, suffered a gunshot wound.

The shooting incident was investigated by the District Attorney's Office. The District Attorney cleared Tangradi and Bojanowski of criminal misconduct. The Internal Affairs Division of the City Police Department also investigated the incident and filed a report with the Firearms Review Board. The board considered the location of the shell casings in the street and shot pattern on the Granada and determined that Bojanowski ran up the street firing at the rear of the automobile. After receiving the board's report, the Police Commissioner dismissed Bojanowski for violations of the deadly force policy and conduct unbecoming an officer.

The FOP filed a grievance on behalf of Bojanowski pursuant to the collective bargaining agreement between the City and the FOP. After three hearings, the arbitrator concluded that Bojanowski violated the City's policy on the use of deadly force and thus his dismissal was for just cause. The FOP and Bojanowski appealed to common pleas court which affirmed the arbitrator's award. FOP and Bojanowski appeal.

The Appellants present three issues for our review. First, Appellants contend the arbitrator's award did not draw its essence from the collective bargaining agreement between the City and the FOP. Second, Appellants contend the Police Commissioner modified the deadly force policy of the City and applied it retroactively to Bojanowski. Third, Appellants contend that the City failed to present sufficient competent evidence that Bojanowski violated the policy against shooting at moving vehicles.

 Our scope of review of an arbitrator's award rendered pursuant to an arbitration proceeding under the Act of June 24, 1968, P.L. 237 No. 111 *as amended,* 43 P.S. §§ 217.1–217.10 (Act 111) is limited to questions involving: 1) the jurisdiction of the arbitrators; 2) the regularity of the proceedings; 3) questions of excess in exercise of powers; and 4) constitutional questions. *Lower Merion Fraternal Order of Police, Lodge No. 28 v. Township of Lower Merion,* 511 Pa. 186, 512 A.2d 612 (1986).

Appellants' first contention is that the arbitrator's award failed to draw its essence from the collective bargaining agreement. We disagree.

 In *Allegheny County Police Association v. County of Allegheny,* 100 Pa.Commonwealth Ct. 327, 514 A.2d 964 (1986); *petition for appeal granted* 514 Pa. 636, 522 A.2d 1106 (1987); *appeal dismissed* 516 Pa. 17, 531 A.2d 1108 (1987) we reasoned that, in order to allege sufficient grounds to set aside an arbitrator's award in an Act 111 proceeding, it must be alleged that the arbitrator acted outside his authority. Appellants, herein allege the arbitrator made erroneous findings of fact and erred in his application of City Police Department directives and policy on the use of deadly force. However, a review of the record indicates that the arbitrator's findings of fact are clearly supported by substantial evidence. He obviously rejected Bojanowski's account of the incident and concluded that Bojanowski discharged his weapon in violation of City Police Department policy on the use of deadly force set forth in City Police Department Directive 10 and City Police Department Training Bulletin No. 1. The credibility of the witnesses and the evaluation of physical evidence are matters within the province of the arbitrator.

 Also, we must limit our inquiry into the arbitrator's interpretation of Directive 10 and Training Bulletin No. 1 to whether his interpretation of those provisions rationally derives its essence from the collective bargaining agreement between the City and the FOP. *Allegheny*

6

*County Police Association.* The arbitrator's conclusion that Bojanowski's violation of City policy on the use of deadly force as set forth in the above directives establishes just cause for dismissal. *Fox v. Civil Service Commission of Philadelphia,* 83 Pa.Commonwealth Ct. 431, 438, 478 A.2d 143, 146 (1984). The arbitrator did not act in excess of his authority and his award draws its essence from the collective bargaining agreement.

 Appellants' second contention is that the Police Commissioner modified Directive 10 after the May 26, 1986, incident and applied it retroactively to effectuate the dismissal of Bojanowski. However, the record indicates that Appellants failed to raise this issue either before the arbitrator or the common pleas court. Further, Appellants failed to object to the admission of Directive 10 into evidence before the arbitrator. Accordingly, since Appellants have failed to raise this issue in the common pleas court it is waived. Pa.R.A.P. 302(a).

Appellants' third contention is that the City failed to present direct, competent evidence in support of the arbitrator's conclusion that Bojanowski violated departmental policy regarding the use of deadly force. An examination of the record indicates that the arbitrator's findings of fact are supported by substantial evidence.

We affirm the order of the trial court.

ORDER

NOW, March 17, 1989, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.