[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#105)
This is an action in two counts, alleging negligent supervision and negligent infliction of emotional distress, brought by a minor plaintiff against the New Haven Board of Education ("board"). The board has moved to strike the revised complaint against it in its entirety.
The board has raised three grounds in support of its motion to strike. CT Page 5878 First, the board claims that the plaintiff's common law claims against it fail as a matter of law because the plaintiff has failed to allege a violation of statute that abrogates municipal immunity and relies instead on Shore v. Stonington, 187 Conn. 147, 444 A.2d 1379 (1982), which was an action brought pursuant to General Statutes § 7-465. Second, the board claims that it is entitled to immunity under the facts alleged as a matter of law. Third, the board claims that the tort of negligent infliction of emotional distress has been inadequately pled.
The first ground is dispositive of this motion. In paragraph 12 of the first count and paragraph 13 of the second count, the plaintiff has alleged: "The defendant's duty was clearly established under the authority of Shore v. Stonington, 187 Conn. 147 (1982)." In Shore, the plaintiff brought an action against the town of Stonington pursuant to General Statutes § 7-465 which provides "that the town is liable only if its agent, here the police officer, is personally liable to the plaintiff." Id., 187 Conn. 148, n. 1. In order to recover against a municipality in a § 7-465 action, a plaintiff must plead and prove "individual negligence on the part of the [municipal] employee and the municipality's employment relationship with that individual." Wu v.Fairfield. 204 Conn. 435, 438, 528 A.2d 364 (1987); Sestito v. Groton,178 Conn. 520, 527, 423 A.2d 165 (1979). No such facts have been pleaded in this case. See Kaye v. Manchester, 20 Conn. App. 439, 445-46,586 A.2d 459 (1990).
The only defendant in this case is the board. "A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. . . . A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity. (Internal citations omitted)." Heigl v. Board of Education, 218 Conn. 1, 4, 587 A.2d 423
(1991). The plaintiff has failed to plead any statute that abrogates the board's immunity from common law tort actions.
Thus, in its present pleading posture, this case falls squarely within the holding of Williams v. New Haven, 243 Conn. 763, 707 A.2d 1251
(1998), that governmental immunity bars a common-law negligence action against a municipality in the absence of reliance on a statute which abrogates that immunity. As the court stated: "[A] municipality enjoys governmental immunity for common-law negligence unless a statute has limited or abrogated that immunity. . . . The plaintiff's do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to § 7-465. The doctrine of governmental immunity, therefore, is fatal to their cause of action against the defendant." Id., 243 Conn. 769. While the court is aware that in Colon v. New Haven, 60 Conn. App. 178, CT Page 5879 188, n. 4, ___ A.2d ___, cert. denied, 255 Conn. 908, ___ A.2d ___ (2000), the Appellate Court distinguished Williams in dicta and stated that by raising a statutory basis for a cause of action in response to a motion for summary judgment the plaintiff sufficiently apprised the defendant of the nature of her cause of action, the plaintiff here has only relied upon the common law in opposing the motion to strike.
For good reason, the rules of practice direct that a when a claim is grounded on statute, "the statute shall be specifically identified by its number." Practice Book § 10-3(a). While this rule is not mandatory,Criscuolo v. Mauro Motors, Inc., 58 Conn. App. 537, 545, 754 A.2d 810
(2000), it does serve the salutary purpose of apprising the defendant of the nature of the cause of action and allowing the defendant to raise appropriate defenses. In this case, the allegations of the complaint are insufficient to draw a conclusion that the defendant relies on a specific statute to abrogate governmental immunity. Indeed, the defendant sought to have the plaintiff identify the statute upon which she based her claim by way of a request to revise the first count of the complaint filed on February 23, 2001. In response, the plaintiff filed the revised complaint which is the subject of this motion and contains no statutory reference.
Certainly, the plaintiff is not precluded from filing a substitute pleading which contains a statutory basis for her cause of action against the board. See Practice Book § 10-44. General Statutes §52-557n(a) establishes a direct statutory cause of action against a municipality for its negligent acts or omissions or those of its employees, officers and agents acting within the scope of their employment or official duties, which would include the board.
For the foregoing reasons, the defendant's motion to strike is granted.
Linda K. Lager, Judge