Opinion by
Head, J.,
On October 18, 1906, the plaintiff and defendant executed, under their respective hands and seals, an agreement in writing providing, inter alia, that an amicable action be entered in the court of common pleas of Bucks county, and that, without the filing of declaration or plea, “all matters in controversy between the above-named parties, be submitted and referred to” certain persons named as arbitrators. It fixed ¿he time and place of their meeting, provided that an award made and signed by them or a majority of them “shall be *571 final, conclusive and without certiorari, writ of error or appeal. That the award should-be entered as a judgment, should carry-costs and that no court should have power to hear any exceptions to the proceedings, the award of judgment.”
The arbitrators met at the time and place named and both of the parties appeared and submitted their respective claims. We learn from the opinion of the learned court below that plaintiff’s account consisted of “fifty-five items, of which nineteen were disputed; the defendant’s of thirty-eight items, of which ten were disputed. The disputed items were not passed upon that day. The arbitrators adjourned, at the-request of the defendant, to Saturday, the 20th, giving each party opportunity to bring in anything else they might have. The plaintiff appeared (at the adjourned meeting) but the defendant did not. The meeting was a short one. The arbitrators then adjourned to meet again on the 26th to pass upon the disputed items and make up the award.” On the evening of the 25th the defendant notified the arbitrators, by a writing which was not under seal, that he revoked the submission. Notwithstanding this notice the arbitrators met the next day, considered the disputed items and made up their award which was signed by two of them. The award was entered as a judgment in the prothonotary’s office, as the agreement provided, and an execution issued. Thereupon a rule to strike off the award was obtained, but the court, after argument, discharged the rule, holding that the agreement was not a mere naked submission, but a contract, founded upon mutual considerations, and therefore irrevocable; and that the written notice served on the arbitrators, not being under seal, was ineffectual to work a revocation of the submission.
Whilst the right of either party to a naked submission, to revoke it at any time before an award is made, has been recognized from the earliest times, side by side with it there has run another principle, thus well stated in Morse on Arbitration and Award, 232: “The formality of the revocation must follow and conform to the formality of the submission. Thus, if the submission be under seal, so also must be the revocation; if the submission be in writing, the revocation *572 must be written; but if the submission be only verbal, then the revocation may be verbal also.” In a note by Mr. Chitty on the subject, 3 Bl. Com. 16, he thus states the rule: “The parties themselves may revoke the arbitrators’ authority before the award is made: the revocation must follow the nature of the submission: if the latter be by parol so may the revocation : 2 Keb. 64. If the submission be by deed, so must the revocation: 8 Co. 72.” In 2 Am. & Eng. Ency. Law (2d ed.), 599, many cases from the highest courts of a number of different states, including New York and Massachusetts, are cited in support of the proposition that “a written submission requires a written revocation; a submission under seal can only be revoked under seal.” We have been referred to no case in Pennsylvania which in any degree contravenes this ancient and widely recognized rule. In Dickerson v. Rorke, 30 Pa. 390, the submission was by a writing not under seal. It was there said by Lowrie, C. J., that “where a submission is in writing, it cannot be directly revoked except by a written instrument given to the arbitrators or a majority of them.” We cannot well avoid the conclusion that this was a recognition and application of the rule in so far as the facts of that case called for its application. We see no reason, therefore, why this case should mark a departure from a long and unbroken line of precedents. Submissions of disputes to arbitrators are favored by the law and approved by the enlightened sentiment of the world at large. But an attempted revocation, after a solemn submission, after the work of the arbitrators has been entirely or nearly completed and when the award is about to be announced is not, as was said in Mitchell v. Newman, 4 Penny-packer, 443, “entitled to much favor. It cannot be asserted except under a clear claim of right.”
We discover here no such claim and hence we dismiss all the assignments of error. The order discharging the rule to strike off the award is affirmed and the appeal dismissed at the costs of appellant.