587 A.2d 873

**INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 1803, Appellant,**

**v.**

**CITY OF READING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1990.

Decided Feb. 28, 1991.

Reargument Denied April 8, 1991.

Stephen C. Richman, Markowitz & Richman, Philadelphia, for appellant.

Anthony F. Visco, Jr., with him, Karl A. Fritton and Timothy Tietze, Sprecher, Felix, Visco, Hutchison & Jarin, Philadelphia, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

The International Association of Firefighters, Local 1803 (Union), appeals an order of the Court of Common Pleas of Berks County which granted the petition of the City of Reading (City) to vacate a January 17, 1989, grievance

arbitration award. The Union firefighters are public employees whose arbitration rights arise under the Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10 (Act 111).

In May 1983, the Union, on behalf of seven Union members, filed seven separate grievances against the City after the City reduced the number of firefighters assigned to a ladder truck, known as Ladder One, from two to one. Ladder One had been upgraded on May 4, 1983, from an older truck requiring two drivers to a modern truck capable of being operated by a single driver. The grievants complained that the City violated the collective bargaining agreement between the Union and the City by using one firefighter, rather than two firefighters, on Ladder One.[1]

The collective bargaining agreement established a grievance procedure requiring the City to respond in writing to a grievance within twelve days of its presentation. The Union's seven grievances were filed under the procedures established by the collective bargaining agreement. The City failed to answer four of the seven grievances within the twelve-day limit;[2] the remaining three grievances were timely answered.[3] The responses to the four grievances were not timely answered because they were locked in a desk by a secretary who was unable to return to work due to a medical emergency.

1. The City and the Union were parties to a collective bargaining agreement which was effective from January 1, 1983, through December 31, 1984. Prior to the effective date of the agreement, several provisions were determined by Act 111 interest arbitration. The interest arbitration decision, known as the DiLauro Award, established the grievance procedures at issue in this case. Furthermore, the DiLauro Award rejected a Union proposal requiring two paid firemen on ladder trucks, on the ground that the City has the right to determine operational procedures.

2. Three of the untimely grievances were received by the City on May 6, 1983, and the City's responses to these grievances were received by the Union on May 27, 1983. The fourth untimely grievance was received by the City on May 10, 1983, and the City's response was received by the Union on May 27, 1983.

3. The timely grievances were received by the City on May 4, 6, and 12, 1983. The Union received the City's responses on May 12, 13, and 20, 1983.

On August 19, 1983, the Union submitted a demand for arbitration to the American Arbitration Association to resolve all seven grievances. An arbitration panel was convened on December 20, 1985, chaired by Robert Light. The parties agreed that the arbitrators should first rule on the procedural issues arising from the City's untimely response to four of the grievances. Arbitrator Light found that the grievance procedure of the collective bargaining agreement clearly mandated that failure to file a timely answer to a grievance resulted in the grievance being sustained. The arbitrator found no limiting language which would excuse the failure of the City to answer, timely the four grievances.[4] Hence, on March 12, 1986, Arbitrator Light issued an award sustaining the four grievances. The merits of the seven grievances, with the central issue of whether the City could reduce the number of firefighters assigned to Ladder One, was not addressed.

The City filed a petition to vacate the arbitration award with the Court of Common Pleas of Berks County; the Union filed a petition to affirm the arbitration award. After the petitions were filed, the Union withdrew the three timely grievances on which the arbitrator had not yet ruled. On July 22, 1986, the common pleas court deferred deciding the parties' petitions and remanded the case for clarification to the arbitrator to determine what was meant when he sustained the four grievances and asked him to define the remedy to be imposed.

On February 17, 1987, Arbitrator Light conducted a hearing to comply with the common pleas court's clarification

4. The grievance procedure created by the collective bargaining agreement reads as follows: "The written grievance shall be presented to the Fire Chief or his designated representative within six (6) days (including Saturday and Sunday) of the occurrence causing the grievance. If the grievance is not submitted within six (6) days, the grievance will be deemed not timely and will be denied. The Fire Chief or his designated representative shall give an answer in writing and his reasons therefore within (12) days (including Saturday and Sunday) of its presentation in an effort to resolve the problem. If an answer is not forthcoming within the twelve (12) day period, the grievance will be viewed as being sustained."

order. Arbitrator Light filed a clarifying order on January 17, 1989 which directed the City to place a second paid firefighter on Ladder One and to pay the Union appropriate lost wages. The City renewed its request to the common pleas court to vacate the arbitrator's award. The Union also renewed its petition to the common pleas court to affirm the arbitrator's award.

On December 8, 1989, the common pleas court vacated Arbitrator Light's award and denied the Union's petition to affirm. The court found that the arbitration was irregular because the arbitrator did not consider all seven grievances, the award exceeded the arbitrator's power, and the award did not reasonably draw its essence from the collective bargaining agreement. This appeal followed.

The Union contends that (1) the common pleas court applied the wrong standard of review when it used the "essence test" to review the arbitrator's award, and (2) the common pleas court incorrectly found that the arbitration proceedings were irregular because the arbitrator did not decide all seven grievances.[5] We shall, in the exercise of our discretion, construe the issues as a challenge that the common pleas court exceeded its scope of review.

■ In *Fraternal Order of Police Lodge No. 5 v. City of Philadelphia*, 118 Pa.Commonwealth Ct. 132, 546 A.2d 137 (1988), *affirmed* 523 Pa. 490, 567 A.2d 1388 (1989), this court articulated the scope of review for review of Act 111 arbitration awards. We stated:

[C]ourts have jurisdiction to review Act 111 arbitration awards in the nature of narrow certiorari. Such review is limited to questions concerning (1) the jurisdiction of the arbitrator; (2) the regularity of the proceedings; (3) an excess in the exercise of the arbitrator's powers; and (4) constitutional questions.

**5.** We must mention that the Statement of the Questions Involved in the Union's brief was very poorly crafted. The Union's nebulous question "Should the arbitration award of Robert Light be affirmed" is so vague as to render appellate review nearly impossible.

The trial court, thus, erroneously concluded that a combination of narrow certiorari and the essence test constituted the correct scope of review.[6]

■ The Union further contends that the trial court incorrectly found that the arbitration proceedings were irregular. We agree. The trial court opined that the arbitration proceeding was irregular because there should have been a synthesis of all seven grievances and an overall disposition of the case made in light of the collective bargaining agreement. The record, however, clearly demonstrates that the parties agreed to have the arbitrator decide the procedural issue of the City's untimely response to four of the grievances before reaching any other issue (Joint Stipulation of Facts, 6/20/86, No. 7). Moreover, there was no need for the arbitrator to reach the merits of the three timely grievances as they were withdrawn after the procedural issue was decided. Hence, we hold that the trial court exceeded its scope of review when it concluded that the arbitration proceedings were irregular, and erred in applying that standard to the arbitration award in this case.

Accordingly, the common pleas court's order is reversed.[7]

BARBIERI, Senior Judge, dissents.

## ORDER

NOW, February 28, 1991, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed and the arbitrator's award is reinstated.

---

**6.** The essence test erroneously applied by the trial court is utilized for the review of arbitration awards concerning public employees who possess the right to strike under the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101 through 1101.2301 (Act 195).

**7.** Arbitrator Light's award ordered the City to place a second fireman on Ladder One and ordered the City to compensate bargaining unit employees for its failure to use two paid firemen on Ladder One. There is, however, nothing in the record which indicates that the Union demanded compensation from the City for failure to assign two firemen to the truck. Further, there is nothing in the record to indicate that any fire personnel lost their jobs or lost any income when the staffing of Ladder One was reduced to one fireman.