621 A.2d 1061

BOARD OF SUPERVISORS OF BUTLER TOWNSHIP

v.

BUTLER TOWNSHIP POLICE DEPARTMENT, Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided Feb. 5, 1993.

Reargument Denied March 22, 1993.

James L. McAneny, for appellant.

William C. Reiley, for appellee.

Before COLINS and McGINLEY, Judges, and NARICK, Senior Judge.

NARICK, Senior Judge.

The Butler Township Police Department (Police) appeals from the order of the Court of Common Pleas of Schuylkill County that vacated, in part, an award by the American Arbitration Association (Arbitrators) in favor of the Board of Supervisors of Butler Township (Board). We reverse in part and reinstate the Arbitrators' award.

In 1990, the Police and Board entered into negotiations over the terms of a collective bargaining agreement (CBA). Pursuant to the requirements of Section 4(a) of the Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. § 217.4(a) (commonly referred to as "Act 111"), the Police notified the Board of its intention to proceed to binding arbitration for the contract

year beginning January 1, 1991 and setting forth the issues in' dispute (Declaration of Impasse).[1]  Although the parties continued to negotiate for some time, the Board, on October 19, 1991, officially responded to the Declaration of Impasse.[2]

Soon thereafter, the parties selected Arbitrators pursuant to Section 4(b) of Act 111, 43 P.S. § 217.4(b).  After the January 30, 1991 hearing, the Arbitrators · issued an award which provided, in pertinent part:  (1) the term of the contract would be for *two years,* January 1, 1991 through December 31, 1992; (2) a wage increase for each of the two years of the CBA;  and (3) that full-time Police would receive a longevity payment of

1.  These issues included:
    1.  $4,000 Salary Raise
    2.  Time & Half any Police Duties
    3.  Straight time for any holiday in pay
    4.  12 year vesting ordinance signed, Was given vesting rights 2 years ago, but no ordanance [sic].
    5.  Longevity $100.00 for every 5 years of service.
    6.  Election day in November for holiday
    7.  4 weeks after 15 years.  Vacation
    8.  15 day's sick time to be accumulated unlimited
    9.  Upon Retirement or leaving Police work officer is allowed to take 30 days sick time in pay with him.
    10.  Regular part timers [sic] is included into contract
    11.  Township sends and pays chief expenses to Police Chiefs Convensions.  [sic] as in past.
    (45a).

2.  The Board counter-proposed the following:
    1.  A raise of four percent for each of the three full-time police officers.
    2.  The Board indicated that they were confused about the three full-time police officers presently are salaried employees.  The Board proposed that the full-time officers would continue to receive the part-time rate for all hours in excess of forty with prior approval of the Board.
    3.  The Board found this issue to be acceptable.
    4.  The Board is not aware that any such vesting Ordinance was adopted two years ago, but was amenable to consider adopting the vesting provision after twelve years.
    5.  The Board rejected any proposal dealing with longevity.  As a substitute, the Board proposed a prescription plan for the employee and family.
    6.  The Board found Issue 6 to be acceptable.
    7.  The Board rejected Issue 7 and alternatively proposed four weeks of vacation after twenty years of service rather than fifteen years.
    8., 9., 10, and 11.  All were rejected by the Board.

$100 per year for each five years of service with the Police. (55a).

The Board appealed. The trial court reversed the Arbitrators, vacating the second year of the CBA between the parties and the corresponding wage increase. The trial court reversed the ongoing longevity award of the Arbitrators but, upheld the longevity payment benefit which allowed "$100 per year for each five years of service with the Police Department to be paid in a lump sum on January 1, 1992."

On appeal to this Court, the Police argue that the trial court exceeded the narrow scope of review under Act 111 in vacating the second-year term of the award. We agree.

The scope of review of an Act 111 arbitration award is limited to a review of questions of jurisdiction, irregularity of the proceedings before the agency, questions of excess in exercise of power and constitutional questions. *City of Washington v. Police Department,* 436 Pa. 168, 259 A.2d 437 (1969).

Article III, Section 31 of the Pennsylvania Constitution mandates that the decision of an Act 111 arbitration panel is binding on all parties, including the head of the political subdivision.[3] Importantly, the introduction of an additional level of court intervention into the review process is not acceptable. Such intervention frustrates the policy of Act 111, which is aimed at securing an expeditious resolution of police contract disputes. *City of Washington.* The trial court here, apparently found the Arbitrators exceeded the exercise of their power and, therefore, interposed only a one-year term for the CBA.

The Police assert that the Arbitrators had not exceeded their power because Arbitrators are required to resolve the

(49–50a).

3. Pa. Constitution Article III, Section 31 states:

The General Assembly may enact laws which provide that the findings of panels or commissions, selected and acting in accordance with the law for the adjustment or settlement of grievances, or disputes or for collective bargaining between policemen and firemen and their public employer shall be binding upon all parties and shall

issues presented by the parties. Section 4(a) of Act 111 sets forth the method by which the issues are to be submitted.[4] The Police submitted the term of the CBA in their Declaration of Impasse. (45a). Therefore, the Police argue that the trial court erred in decreasing the term of the CBA because the issue had been properly before the Arbitrators.

The Board counters, asserting that the two-year term is greater than what was sought by either party. However, our review of the record fails to discover any facts that support this allegation.

Section 4(a) of Act 111 does not limit the authority of arbitrators to only "except" or "reject" the proposed resolutions of specific issues. *Lower Merion Fraternal Order of Police, Lodge No. 28 v. Lower Merion Township,* 88 Pa. Commonwealth Ct. 169, 489 A.2d 290, (1985). Once an *issue* is properly placed in dispute, arbitrators are free to resolve that issue in a fair manner within the total context of the award.

The Police Declaration of Impasse notified the Board of its intention to proceed to binding arbitration for the contract year *beginning January 1, 1991.* This language does not indicate that the Police desired the contract be limited to one year but, simply advised of when the new contract period was to begin. The Board's reply to the Police Declaration of Impasse, not only fails to limit the term of the CBA to one

constitute a mandate to the head of the political subdivision, which is the employer.

4. § 217.4. **Impasse, failure to approve agreement; notice; arbitration request; board members, chairman; time for proceeding and determination**

(a) If in any case of a dispute between a public employer and its policemen or firemen employes the collective bargaining process reaches an impasse or stalemate, ... with the result that said employers and employes are unable to effect a settlement, then either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.

For purposes of this section, an impasse or stalemate shall be deemed to occur in the collective bargaining process if the parties do not reach a settlement of the issue or issues in dispute by way of a

year, but never mentions any proposed term for the CBA. *See* 49a–51a.

Furthermore, in *Lower Merion Fraternal Order of Police Lodge No. 28 v. Lower Merion Township,* 511 Pa. 186, 512 A.2d 612 (1986), the Supreme Court held that nothing in Act 111 prohibits exceeding a one-year term if the term was placed into issue. The Court stated in part:

> Appellant argues that by captioning its proposal for the '1983 contract term,' and by Appellee's failure to request a longer term in its proposal, the Appellee acquiesced in a one-year term. Although the Appellant does caption for a '1983 contract year,' the enumerated provisions do not clearly indicate that Appellant only requested a one-year term.... Since the Appellant's proposal does not support the conclusion that the term of the award was not at issue, we are compelled to hold that the arbitrator did not exceed their power in awarding a three-year agreement.

*Id.* at 193, 512 A.2d at 615–616.

Based on this holding of *Lower Merion,* we conclude that the language in the Police Declaration of Impasse that the term of CBA would begin on January 1, 1991, properly placed the term of the CBA into issue and the Arbitrators did not exceed their power in establishing a two-year term. Therefore, we hold that the trial court erred reversing the Arbitrators because all issues had been properly placed before the Arbitrators to consider.

Accordingly, we reverse the trial court's order and reinstate the Arbitrators' award.

## ORDER

AND NOW, this 5th day of February, 1993, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is hereby reversed and we order the award of the American Arbitration Association reinstated.

written agreement within thirty days after collective bargaining proceedings have been initiated.