**In re ARBITRATION AWARD BETWEEN LOWER YODER TOWNSHIP POLICE AND LOWER YODER TOWNSHIP.**

**Appeal of LOWER YODER TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 1994.

Decided Feb. 8, 1995.

652

Richard J. Green, Jr., for appellant.

Franklin D. Roush, Jr., for appellees.

Before COLINS, President Judge and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

DOYLE, Judge.

Lower Yoder Township appeals from an order of the Court of Common Pleas of Cambria County which denied the Township's petition for review of an arbitration award.

On January 15, 1991, the Township and the Lower Yoder Township Police entered into negotiations regarding the terms of a collective bargaining agreement. One bargaining session was held in accordance with Section 3 of Act 111,[1] 43 P.S. § 217.3, but the parties were unable to reach an agreement. After thirty days, the parties being unable to agree on a written contract, an impasse was declared as defined by Act 111.

On August 26, 1991, pursuant to the terms of Section 4(a) of Act 111, 43 P.S. § 217.4(a), the Police notified the Township of its intention to proceed to arbitration by filing a notice for binding arbitration. The notice stated that the following issues were in dispute:

---

1. Act of June 24, 1968, P.L. 237, No. 111, *as* *amended,* 43 P.S. §§ 217.1–217.10 (Act 111).

(a) Compensation and Wages;

(b) Working Conditions, including maintenance of cruisers and other police equipment;

(c) Retirement Pensions and Other Benefits;

(d) Shift Differentials;

(f) [sic] Length of Contract;

(g) Department Manning;

(h) Extra Shift Scheduling;

(i) Uniforms;

(j) Weapons;

(k) Sick Days;

(*l*) Any other matters presented to the Board of Arbitrators that are appropriate under 43 P.S. Sec. 217.1.

A Board of Arbitrators was appointed, and on October 31, 1991, an arbitration hearing was held. Although no stenographic or other record was made of this proceeding by either party, the award states that "both parties were given full opportunity to present exhibits and testimony in favor of their respective positions."

The Township appealed the award to the trial court, which held a hearing on December 29, 1992. The Township argued that the Board of Arbitrators exceeded their authority by awarding a three year contract, creating a "guaranteed wage/no layoff" provision, and by creating a lieutenant position, since these items were not placed in dispute in the notice for arbitration. The Police contended that the Township had agreed to these terms through its arbitrator at the hearing. Over the objection of the Police, the trial court agreed to allow testimony, and reserved ruling on the propriety of its admission of the testimony into the record pending full consideration. Both parties presented testimony regarding which issues were negotiated before the Board.

The trial court entered an opinion and order on January 8, 1993. Concluding that its scope of review was that of narrow certiorari, the trial court changed its provisional ruling, and excluded the testimony presented at the December hearing. Thus, the only record before the trial court was the notice of arbitration filed by the Police and the arbi-

tration award. Considering this evidence, the trial court held that the Board did not exceed its authority, and that the award only addressed terms at issue in the notice. Accordingly, the trial court denied the Township's petition. This appeal followed.

The sole issue for our review is whether the trial court should have considered the testimony presented at the December hearing; specifically the Township argues that the Board exceeded its authority by creating provisions for (1) a three year contract term, (2) a guaranteed wage/no layoff clause, and (3) the creation of the rank of lieutenant.

■■■ Our standard of review, like that of the trial court, is narrow certiorari. *Police v. Borough of Montoursville*, 160 Pa.Commonwealth Ct. 333, 634 A.2d 830 (1993). We are limited to considering the jurisdiction of the arbitrators, the regularity of the proceedings, whether there was an excess in the exercise of the arbitrators' powers and constitutional questions. *Id.* In this case, the question is whether the Board had jurisdiction to consider the three substantive provisions at issue.

■■■ An interest arbitration award under Act 111 can embrace only those issues which the party requesting arbitration has specified in the written notice of arbitration. Section 4(a) of Act 111, 43 P.S. § 217.4(a), clearly states that interest arbitration can be triggered only by a party giving written notice to the other party "containing specifications of the issue or issues in dispute. . . ." Section 4 of Act 111 is a codification of the longstanding common law rule that arbitrators must decide all the issues presented to them, and only those issues, *Dickerson v. Rorke*, 30 Pa. 390 (1858), and "[e]very presumption is made in favor of the award. . . ." *Finch v. Lamberton*, 62 Pa. 370, 373 (1870). *See also Carr v. Joyce*, 74 D. & C.2d 289, 293–94 (1975) (applying these principles to Act 111). The importance of the specification of issues is underscored by Section 5 of Act 111, 43 P.S. § 217.5, which requires that the notice by the Police under Section 4, specifying the issues, must be "served upon the head of the governing body of the local unit involved." That requirement of formal service attests to the importance of identify-

ing in advance the issue to be subject to interest arbitration.

The Township argues that the trial court should have considered the testimony offered by both parties relative to the negotiations before the Board. However, such testimony was irrelevant to the trial court's determination. Absent fraud or other similar charges, the only evidence that the court needed to consider in this case was the notice of arbitration and the award. Our examination of the notice submitted by the Police in this case shows that of those three award elements in dispute here, only the duration of the contract and the wage issues, including the "no layoff" clause were properly raised.

■ First, it is obvious that the Police raised the issue of the length of the contract in the notice of binding arbitration, since subparagraph (f) of the notice is titled "length of contract." Hence, the Board was well within its discretion to award a three year contract term.

■ Second, the Police also raised the issue of compensation and wages in the notice. Notice of Arbitration, ¶ (a) (compensation and wages). Once the issue of wages was properly placed in dispute, the Board had the power to "resolve that issue in a fair manner within the total context of the award." *Board of Supervisors v. Butler Township Police*, 153 Pa.Commonwealth Ct. 306, 310, 621 A.2d 1061, 1064 (1993). Section 2 of the award states that:

> In recognition of the financial plight of the area, the police are willing *to forgo the increase in wages and benefits* . . . if security of real earnings and employment can be reasonably maintained. . . .

Wages are not the only form of "compensation." In lieu of a pay raise, the Board awarded compensation to the Police in the form of guaranteed employment (forty hours of work per week and vacation and holiday pay) to the four regular full time police officers. This resolution of the compensation issue was, in our view, within the Board's jurisdiction.

■ However, there was no issue listed in the notice which can fairly be construed to embrace the creation of a new position of officer rank. As a principle of fairness, Act 111 requires that both parties have advance notice of the issues which are at stake. In this case, there was warning only with respect to the matter of the length of the contract and the wage issue. The Board had no jurisdiction under Act 111 to consider creating a new position, and, accordingly, the arbitrators exceeded their powers in this respect. Thus, the trial court's order must be reversed with respect to the creation of the position of lieutenant.[2]

### ORDER

NOW, February 8, 1995, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is reversed in part and affirmed in part. That portion of the court's order which holds that the arbitration panel had jurisdiction to award the creation of the position of lieutenant is reversed. The order of the court is affirmed in all other respects.

The petition of the Lower Yoder Township Police for fees, costs, and delay damages is hereby denied.

COLINS, President Judge, dissents.

PELLEGRINI, Judge, concurring and dissenting.

I respectfully dissent in part to the majority opinion. Although I agree with the holdings that the arbitration panel did have jurisdiction to determine the length of the contract and did not have jurisdiction to award the creation of a lieutenant position, I disagree with the majority's holding that a guaranteed wage and a no-layoff provision was an issue placed before the arbitrator merely because the notice of issues raised "Compensation and Wages". Under the majority's interpretation, almost any issue would fall within that type of demand. I do

---

2. The Police have made a request for fees, costs and delay damages for a frivolous appeal pursuant to Pa.R.A.P. 2744. The Police have failed to support their argument with anything more than claims unsupported by evidence in the record. Accordingly, the request of the Police is denied.

not believe such a reading complies with the specificity of issues required by Act 111.[1]

Lower Yoder Township (Township) contends that the Board of Arbitrators (Board) exceeded their authority by awarding a three-year contract, creating a "guaranteed wage/no layoff" provision, and by creating a lieutenant position because these items were not placed in dispute in the notice of arbitration. A notice by the Police of Lower Yoder Township to the Township is required under Section 4(a) of Act 111, which provides that where "employers and employees are unable to effect a settlement, then either party to the dispute, *after written notice to the other party containing specifications of the issue or issues in dispute,* may request the appointment of a board of arbitration." (Emphasis added). In this case, the Police gave the following notice:

(a) Compensation and Wages;

(b) Working Conditions, including maintenance of cruisers and other police equipment;

(c) Retirement Pensions and Other Benefits;

(d) Shift Differentials;

(f) [sic] Length of Contract;

(g) Department Manning;

(h) Extra Shift Scheduling;

(i) Uniforms;

(j) Weapons;

(k) Sick Days;

(*l* ) Any other matters presented to the Board of Arbitrators that are appropriate under 43 P.S. § 217.1

(Reproduced Record 91a).

Without any analysis to support its position, the majority opinion states that the notice "Compensation and Wages" was sufficient notice that a "guaranteed work week" and "no-layoff" provision was before the Board. The majority opinion holds that the Board had jurisdiction to award "compensation to the Police in the form of guaranteed employment (forty hours of work per week and vacation and holiday pay)" in lieu of a pay raise. (Slip Opinion p. 6). If "Compensation and Wages" includes anything that has

to do with money, as implied by the majority opinion, the statutory requirement for specification of issues is not given effect, in violation of the principles of statutory construction. The Statutory Construction Act of 1972, 1 Pa.C.S. § 1921. Under the majority's interpretation, a party only has to raise "compensation and wages" and it is sufficient notice so that any form of remuneration can be addressed or awarded without the parties having the benefit of preparing to discuss or perhaps even negotiating on those specific points.

Because they impinge on management ability to control and allocate governmental resources, no layoff and guaranteed work week demands are "ballistic issues", i.e., hard fought ones that are negotiated separately and are in no way subsumed by the term "compensation and wages". Moreover, to adopt such an expansive interpretation of the issue "Compensation and Wages" is not only at variance with Act 111, but also violates fundamental notions that when a party goes into a proceeding, it should have an idea of what is involved. The majority's interpretation will lead to blind-siding of the parties in all types of arbitration and administrative procedures. This is simply not the way collective bargaining takes or should take place.

Act 111 provides that public employers and their police officers should exert reasonable efforts to settle disputes as to contracts by engaging in collective bargaining in good faith. Section 2 of Act 111, 42 P.S. § 217.2. Collective bargaining entails the proposal of certain terms, with counter proposals and the right to reject terms and propose new ones in an effort to reach agreement on specific terms. *See Borough of New Cumberland v. Police Employees of Borough of New Cumberland,* 51 Pa.Commonwealth Ct. 435, 414 A.2d 761 (1980); 21 P.L.E. § 251. Within the process, the parties do not discuss whole packages of "compensation" for employees. Rather, the parties propose and discuss specific wages, salaries, hospitalization and disability payments, shift differential, and guaranteed work week and no-layoff provisions. This is what collective bargaining is all

---

1. Section 4(a) of the Act of June 24, 1968 (Act 111), P.L. 237 *as amended,* 43 P.S. § 217.4(a).

about—specific proposals with specific responses. If the parties reach an impasse or stalemate, meaning they cannot agree on issues raised during the collective bargaining, then either party may request the appointment of a board of arbitrators. Prior to the appointment of a board of arbitrators, Section 4(a) expressly requires that the party making the request must give notice of the issues to be addressed with specificity. It requires the same type of specificity used by the parties in making proposals and responses in the collective bargaining negotiations and does not envision interpreting "Compensation and Wages" to mean just about everything. Then, and only then, can the parties know what specific proposals are being abandoned and the core issues that are submitted to arbitration.

Because the Police were obliged to raise issues with specification under Act 111, I believe the Board did not have jurisdiction to award a guaranteed wage and no-layoff provision to the Police. Accordingly, I would reverse that part of the trial court's order, in addition to reversing that part which holds that the arbitration panel had jurisdiction to award the creation of a lieutenant position.

COLINS, President Judge, and KELLEY, J., join in this concurring and dissenting opinion.